**John T. DUNLOP, Secretary of Labor, United States Department of Labor, Petitioner,**

**v.**

**BURLINGTON NORTHERN RAILROAD, Respondent,**

**AFL–CIO and United Transportation Union, Intervenors.**

**No. CV–75–49–BLG.**

United States District Court, D. Montana, Billings Division.

May 13, 1975.

James H. Barkley, U. S. Dept. of Labor, Denver, Colo., for petitioner.

Stephen H. Foster, Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., for respondent.

Lawrence M. Mann, Bernstein, Alper, Schoene & Friedman, Washington, D. C., for Intervenors AFL–CIO and United Transp. Union.

## MEMORANDUM AND ORDER

BATTIN, District Judge.

Petitioner, Secretary of Labor John T. Dunlop, seeks an order allowing an Occupational Safety and Health Administration inspection of respondent's Burlington Northern railroad workplaces in or near Laurel, Montana.

Petitioner alleges that on April 3, 1975, an authorized representative of the Secretary of Labor presented his credentials to an agent of the respondent for the purpose of conducting an inspection of the workplaces of Burlington Northern Railroad in Laurel, Montana. Petitioner further alleges that his representative was denied entry on the workplaces of respondent.

Petitioner cites the case of Brennan v. Buckeye Industries, Inc., 374 F.Supp. 1350 (D.C.Ga.1974), in support of the Court's jurisdiction over this action. The Court in *Buckeye* found that the United States may properly bring such an action under 28 U.S.C. § 1337 and 28 U.S.C. § 1345. 374 F.Supp. at 1352.

The respondent railroad has moved to dismiss the petition and cites 29 U.S.C. § 653(b)(1) [Section 4(b)(1) of the Occupational Safety and Health Act] in support thereof. Said section reads in pertinent part:

"Nothing in this chapter shall apply to working conditions of employees with respect to which other Federal agencies . . . exercise statutory authority to prescribe or enforce standards or regulations affecting occupational safety or health."

Respondent argues that the Secretary of Transportation, through the Federal Railroad Administration (FRA), has exercised statutory authority to prescribe or enforce standards or regulations affecting occupational safety or health.

The Secretary of Transportation was given broad statutory authority to prescribe railroad safety regulations. 45 U.S.C. § 431 provides in part:

"(a) The Secretary of Transportation . . . shall (1) prescribe, as neces-sary, appropriate rules, regulations, orders, and standards for all areas of railroad safety supplementing provisions of law and regulations in effect on October 16, 1970 . . . ."

The Secretary of Transportation has exercised and is exercising his statutory authority under this section to prescribe standards for the safety of railroad employees. The FRA has prescribed safety standards for tracks, locomotives, and railroad safety appliances. (29 C.F.R., Parts 213, 230 and 231.) Additionally, the FRA on March 7, 1975, announced its intention to prescribe railroad occupational safety and health standards by adding a part, Part 219 of Title 49 C.F.R. In its announcement, the FRA explained:

"Even though FRA has broad authority to regulate railroad occupational safety and health, it does not now propose to adopt railroad occupational safety standards for all railroad working conditions or work places. FRA will adopt, as necessary, standards regarding occupational safety and health conditions of railroad employees whose work place or activities are related to the operation of the rail transportation system.

\*     \*     \*     \*     \*     \*

"Specifically, FRA proposes to adopt standards for the following railroad work places, properties, facilities, structures, and equipment: \* \* \*
3. Railroad yards and terminals including all devices, structures, and facilities, except general offices; \* \* \* and
5. Railroad support facilities for construction, assembling, servicing, maintaining, repairing and storing railroad rolling stock and equipment."

40 Fed.Reg. 10693 (March 7, 1975).

The respondent urges the Court to conclude from the above that the entire railroad industry is exempt from the Occupational Safety and Health Act. Without ruling on the respondent's proposed conclusion, I note that the only question before the Court is whether the petitioner is entitled to an order of this

Court allowing him to inspect respondent's workplaces in Laurel, Montana. The uncontested affidavit of Wayne Arntzen, Assistant Vice President—Operations of Burlington Northern, Inc.—reveals that the respondent's Laurel, Montana, workplaces include facilities for the servicing, maintenance and repair of railroad locomotives and cars, for the welding of railroad tracks, for the storage of railroad material and equipment, for loading and unloading livestock from railroad cars, and for the making-up of trains and switching of cars. Additionally, respondents' Laurel, Montana, workplaces include signal and communication devices and facilities which monitor and control rail movements and operations, and section houses which headquarter section gangs. A review of 29 C.F.R. Parts 213, 230 and 231, and 40 Fed.Reg. 10693 (March 7, 1975, No. 46),[1] reveals that the FRA has already exercised statutory authority to prescribe *or* enforce standards or regulations affecting occupational safety *or* health over these working conditions and places.

The petitioner argues that he ought to be allowed to inspect railroads under 29 U.S.C. § 657(a) [Sec. 8(a) of the Occupational Safety and Health Act] to determine whether or not the working conditions are subject to the Act. This argument completely ignores the express terms of 29 U.S.C. § 653(b)(1), which provides:

"*Nothing in this chapter shall apply to working conditions* of employees

with respect to which other Federal agencies . . . exercise statutory authority to prescribe or enforce standards or regulations affecting occupational safety or health." [Emphasis supplied.]

The above language is unambiguous and the Courts may not look elsewhere for legislative intent. Petitioner's remaining contentions are without merit.

For the foregoing reasons, it is ordered that the petition be denied. The Clerk is directed to enter judgment denying petitioner all relief.

---

1. The Court notes that the standards contained within 40 Fed.Reg. 10693 (March 7, 1975, No. 46) are in the stage of proposed rulemaking. However, 29 U.S.C. § 653(b)(1) by its own language triggers the exception to the chapter if a Federal agency "exercises statutory authority" to prescribe or enforce standards or regulations affecting occupational safety or health. The section does not require that the regulations actually be adopted before the Occupational Safety and Health Act is inapplicable. If Congress had so intended, it could have drafted the section so as to make the Act inapplicable only when other Federal agencies "have prescribed" safety or health regulations.

Furthermore, the burden to the respondent would be enormous if it is subject to Occupational Safety and Health Administration jurisdiction over working conditions and places pending Federal Railroad Administration's final adoption of safety or health regulations over the same working conditions and places. The cost to the respondent of satisfying the voluminous OSHA regulations currently in effect would be substantial. That cost, when added to the additional cost of satisfying FRA regulations, which can be adopted, could be prohibitive.